HARRIET F. HANRION v. LOUIS B. HANRION *et al.*

No. 14,190.     (84 Pac. 381.)

SYLLABUS BY THE COURT.

1. MORTGAGES—*Payment of Consideration by a Third Party—Resulting Trust.* A mortgage of real estate is not a conveyance within the meaning of section 6 of the statute of trusts and powers (Gen. Stat. 1901, § 7880), which provides that when a conveyance is made to one person upon a consideration paid by another no use or trust shall result in favor of the latter, but the title shall vest in the former.

2. EXECUTORS AND ADMINISTRATORS — *Assets of an Estate — Notes Payable to a Third Party.* Where one lends his own money upon the notes of the borrowers secured by mortgages on real estate, which notes and mortgages he retains in his own possession, they are not prevented from being treated as assets of his estate upon his death by the fact that they are made payable to a third person.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed February 10, 1906. Affirmed. Opinion denying a rehearing filed March 10, 1906. Judgment for costs modified.

*Getty, Hutchings & Dean,* for plaintiff in error; *E. S. McAnany,* guardian *ad litem.*

*J. M. Mason,* for defendants and cross-petitioner in error.

The opinion of the court was delivered by

MASON, J.: Basile Hanrion died intestate leaving a widow, Harriet F. Hanrion, and four sons. There was some disagreement among the heirs as to the proper distribution of the estate, but they all finally entered into a written contract adjusting the matter. One of the sons, however, Louis B. Hanrion, became dissatisfied and brought a suit against the widow and the other heirs to have the settlement set aside as having been wrongfully procured, and to have the property dis-

tributed according to the legal rights of the persons interested. He alleged in his petition that he was the real owner of some of the property which had been treated as assets of the estate, in virtue of its being the proceeds of trust funds placed in the hands of his father by his grandfather for investment for his benefit. He also made a claim that the estate was indebted to him upon an account for services rendered. Issues were joined and the case was tried before a referee, who found that the contract of settlement should be set aside, but that the plaintiff was not a creditor of the estate or the beneficial owner of any of the property involved, and that it should all be distributed among the heirs. The court approved the report of the referee and rendered judgment accordingly. Harriet F. Hanrion began proceedings in error, but later abandoned them. The present hearing is upon a cross-petition in error filed by the plaintiff below, Louis B. Hanrion.

Various assignments of error have been made and argued, but, except for one matter which will be specially noted, they all come under one general head— that the findings of the referee are not supported by the evidence. The record is voluminous, comprising 1370 pages. To review the evidence in detail would serve no useful purpose. Upon this branch of the case it is enough to say that the judgment could not be reversed without invading the province of the referee and reviewing his conclusions upon the credibility of the witnesses, the weight of their testimony, and the inferences to be drawn from the facts established.

The one contention of the cross-petitioner in error that involves the determination of a debatable proposition of law dissociated from any question of fact is based upon the circumstance that the property which the trial court held to be assets of the estate included a number of real-estate mortgages in which Louis B. Hanrion was named as mortgagee, although they were

made to secure loans made by Basile Hanrion. The argument is made that such a transaction was the conveyance to one person upon a consideration paid by another within the meaning of section 6 of the statute of trusts and powers, and therefore no use or trust resulted in favor of Basile Hanrion, but the title vested absolutely in Louis B. Hanrion. The section reads:

"When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections." (Gen. Stat. 1901, § 7880.)

It is obvious from the context, if not from the language quoted, that the section is intended to apply only to transactions concerning real property, and not to transfers of personalty. (*Baker v. Terrell et al.*, 8 Minn. 195.) In the case of *Robbins v. Robbins*, 89 N. Y. 251, the question whether such a statute had application to the execution of a real-estate mortgage to one person where the consideration was paid by another was involved, discussed, and decided, although the result reached was also justified upon other grounds. The view of the court upon this matter is indicated by the conclusion of the first paragraph of the syllabus:

"Held, that the provision of the statute of uses and trusts . . . declaring that where a grant is made to one person, the consideration being paid by another, no use or trust shall result in favor of the latter, but title shall vest in the former, had no application; that plaintiff, by operation of law, took the bond and mortgage as trustee for defendant, and those securities being personal property the statute had no application."

In the opinion it was said:

"Although the bond and mortgage, in form, ran to the plaintiff, he took as trustee for the defendant, by implication of law, if not by agreement. Those securities were personal property only and had no relation to the statute." (Page 258.)

An attempt is made in the brief of the cross-petitioner in error to distinguish that case from the one at bar upon the ground that our statute, although otherwise substantially the same as the one there interpreted, reads "conveyance" instead of "grant." It is manifest, however, that the words are employed interchangeably in the New York statute, for the section following the one referred to begins, "Every such conveyance," etc.

In the case of *Meier v. Bell*, 119 Wis. 482, 97 N. W. 186, cited in 2 Current Law, 1933, note 4, the supreme court of Wisconsin held that under this statute where one takes a note and mortgage in the name of another the title vests in the person named as mortgagee, but the decision is made without discussion, upon the authority of three earlier cases. Two of these relate wholly to absolute transfers of title. The third has no connection with the subject and is obviously cited by mistake, the case intended being probably the one immediately preceding it in the report, which contains an allusion to the statute but is barren of any reference to a mortgage.

It is true that the words "grant" and "conveyance" are sometimes construed to include a mortgage, even in jurisdictions where, as in Kansas, such an instrument passes no estate in the land. For various reasons that are unassailable, but which are peculiar to each of the several classes of cases, such interpretation has been adopted in the construction of statutes relating to the homestead right, to the alienation of public lands by a settler before acquiring title, to the registration of instruments affecting real estate, and to other matters. These reasons have no application here. A mortgage is but an incident to the note it secures. It inures to the benefit of the owner of the debt without formal assignment, and is incapable of assignment as a separate and independent right. It is extinguished by the payment of the indebtedness. The possession

of the note, as well as the designation of the payee, is evidence of its ownership, and the inapplicability of the statute is illustrated by the consideration that here the note was delivered to, and retained by, the person who made the loan. If the note had been unsecured it would hardly be contended that the beneficial title vested in Louis B. Hanrion because it was made payable to his order. The circumstance that its payment was guaranteed by the pledge of a tract of land does not alter the essential character of the transaction so as to bring it within the operation of the act in question. The judgment is affirmed.

All the Justices concurring.

PORTER, J., not sitting, having served as referee in the court below.

---

OPINION DENYING A PETITION FOR A REHEARING.

The opinion of the court was delivered by

MASON, J.:  A part of the judgment rendered by the court of common pleas on the 1st day of February, 1904, was thus expressed:  "It is further ordered and adjudged that the plaintiff, L. B. Hanrion, do have and recover of and from the defendant Harriet F. Hanrion, and Harriet F. Hanrion as administratrix of the estate of Basile Hanrion, deceased, the sum of $615.50, with interest from March 28, 1899, at the rate of six per cent. per annum, and hereof let execution issue."  In the brief of the cross-petitioner in error, Louis B. Hanrion, a criticism was incidentally offered of the form of this judgment, and in a petition for a rehearing complaint is made that this court failed to take notice of the matter. Obviously the entry should have shown a judgment in terms for the sum of the principal and interest—that is, for $794. It does so in effect, and is good against any attack the cross-

petitioner in error has made upon it.  So construed it works no injury, as under the statute the entire amount of the judgment bears interest from the date of rendition.

As the plaintiff in error instituted the proceedings in this court it is hardly just that she should be relieved from the payment of all costs here, although she afterward concluded not to prosecute the assignments of error made on her part.  These costs will therefore be divided equally between her and the cross-petitioner in error.  The petition for a rehearing is denied.

All the Justices concurring.

PORTER, J., not sitting, having served as referee in the court below.