V. H. PILE *et al.* v. JOHN L. CRAWFORD.*

(*Nashville,* December Term, 1929.)

Opinion filed March 1, 1930.

JOHN F. McNUTT and A. H. ROBERTS, for plaintiff in error.

WARD R. CASE and JAMES A. FOWLER, for defendant in error.

MR. SPECIAL JUSTICE CHAMBLISS delivered the opinion of the Court.

This case calls for a consideration of the Acts 1813, Chapter 83, carried into the Code and found in Shannon's Code, section 3681. The pertinent language provides that when there is "an error or mistake . . . in any deed of conveyance—either in courses, distances or names" a petition may be filed in the Circuit Court, publication for three weeks shall set up the substance of the petition and the time of hearing thirty days prior thereto and the court "may also direct written notice— upon such persons as may be interested . . ." and upon proof rectify the instrument. The statute was considered in *Lewis* v. *Oakley* (1873), 57 Tenn. (10 Heisk.), 483, but what the correction there was is not apparent.

The petition sets up a deed conveying among other tracts: "Fifth Tract: In Scott County, known as the Jim Smith tract" and averring that Fentress County should have been in the deed in the stead of Scott prays for correction. A demurrer was sustained and the case appealed.

We doubt whether the rather informal procedure set up by the statute would be due process of law if the statute were given the broad construction the appellant insists upon and when we consider the statute in the light of the rule that "It is a maxim with the courts that statutes in derogation of the common law shall be construed strictly," Cooley's Constitutional Limitation, Vol. 1, p. 134. We conclude the demurrer properly sustained. The rule, omitting unnecessary words, is also that

"Such statutes as . . . confer privileges or provide for proceedings unknown to the common law . . . are strictly construed . . . held . . . within the rule . . . summary or special proceedings." Lewis' Sutherland Statutory Construction, sec. 573.

This authority cites *Erkman* v. *Carnes* (1898), 101 Tenn., 135, where this court held:

"Summary proceedings, being in derogation of the common law, only exists when authorized by statute, and such statutes must be strictly construed."

Where in addition to these rules of construction we view this statute in the light of the maxim *Noscitur a Sociis* (the meaning of a word may be ascertained by reference to the meaning of words associated with it) found and discussed in Broom's Maxims, our conclusion is clear. Broom begins his discussion of this maxim by saying that "the coupling of words together shows they are to be understood in the same sense." Another authority expresses the rule thus: "Associated words explain and limit each other. When a word used in a statute is ambiguous or vague its meaning may be made clear and specific by considering the company in which it is found and the meaning of the terms which are associated with it." Black on Interpretation of Laws, p. 194.

What is meant by courses and distances is clear; they are necessary parts of the calls in a deed which describe the boundary lines. The word *names* is to be taken in the same sense; it is names that occur coupled with statements as to the distances or courses that may be changed. For example, an erroneous course which does not complete the boundary because the transit was not read correctly, or a distance erroneously given in yards

instead of poles, or a corner fixed on an oak tree when it is truly a hickory, may be corrected by this almost informal and quite summary procedure.

Certainly we do not think that the legislature contemplated any such grave and far reaching modification in a deed as that prayed and the judgment of the circuit court will be affirmed.