HOLSTON RIVER ELECTRIC CO. *v.* HYDRO ELECTRIC CORPORATION.

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

CATES, SMITH & LONG, for complainant.

PHILLIPS & HALE, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

By overruling a demurrer filed by the complainant, Holston River Electric Company, to the defendant's cross-bill, the chancellor ruled that a franchise issued in 1932 by the town of Rogersville to the Hydro Electric Corporation, authorizing it to distribute and sell electric power within the city, was valid and effective without approval of the Railroad and Public Utilities Commission of the state.

Complainant's appeal, granted by the chancellor in his discretion, presents this ruling for review.

At the time the municipal franchise was granted to the Hydro Electric Corporation, the complainant was exercising a similar franchise granted to it by Rogersville in 1926, for a term of twenty-five years. Its original bill seeks an injunction restraining the Hydro Electric Corporation from operating under its franchise until and unless it is approved by the Public Utilities Commission, as required by Code, section 5453.

The controversy arises from an apparent conflict between pertinent provisions of the Public Acts of 1919, chapter 49, section 7, and the Public Acts of 1923, chapter 87. Both are brought forward and re-enacted in the Code of 1932, the former as section 5453, and the latter as sections 5502-5508.

By the Act of 1919, Code, section 5453, it is provided that no such franchise or privilege "shall be valid until approved by said commission, such approval to be given when, after hearing, said commission determines that

such privilege or franchise is necessary and proper for the public convenience and properly conserves the public interest." The Railroad and Public Utilities Commission is authorized therein to impose conditions on the construction, operation, service, etc., of the utility, in the public interest and convenience.

■ The Act of 1919, as construed by this court, preserved to municipalities the primary power to grant to, or withhold from, a public utility the privilege of entering their territory and there conducting its business. *Franklin Light & Power Co.* v. *Southern Cities Power Co.*, 164 Tenn., 171, 47 S. W. (2d), 86. But it vested the Railroad and Public Utilities Commission with "absolute power of regulation and control" over the exercise of such franchise or privilege. *State ex rel.* v. *Nashville Ry. & Light Co.*, 151 Tenn., 77, 268 S. W., 120.

■ The Act of 1923 was originally enacted under a caption which effectively characterized it as a statute of restriction and not a statute creating new rights. The caption was: "An Act to prevent exploitation of water power and other natural resources, unauthorized issuance of bonds, stocks and other securities and wasteful duplication of services." The language of that caption would perhaps not limit the scope of the Code sections which contain the substance of the original act, but the "interpretation" of the Code sections "may be aided by reference to the words of the original act." *Fort* v. *Noe,* 144 Tenn., 337, 341, 233 S. W., 516, 517.

■ The Act of 1923 is a general prohibition of the construction of physical properties designed or intended to be used in the operation of any public utility in any municipality or territory "already receiving a like service from another public utility" (section 1 of the act

[Code, sec. 5502]), without first obtaining a certificate of public convenience and necessity from the Railroad and Public Utilities Commission. The terms and conditions under which such certificate may be issued or denied are prescribed. Section 6 of the original act, as re-enacted in section 5508 of the Code, provides: "The provisions of this statute shall not apply where any municipality or county by resolution or ordinance declares that a public necessity requires a competing company in that municipality or county."

The ordinance granting a franchise to the Hydro Electric Corporation declares that "a public necessity requires a competing company in the town of Rogers-ville."

This ordinance, together with section 5508 of the Code, is relied upon by the Hydro Electric Corporation as validating its franchise, without the approval of the commission.

The phrase "provisions of this statute" in section 5508 obviously refers to the preceding sections of the article in which the section appears, originally enacted as Public Acts 1923, chapter 87. The meaning therefore is that the provisions of sections 5502-5507 shall not apply when the necessity for competition is declared by the county or municipality affected.

A general rule of construction of apparently conflicting Code provisions is prescribed by section 13 of the Code: "If provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject matter of that chapter or article."

Section 5453 of the Code, in article 1 of chapter 23,

deals specifically with franchises granted to public utilities by the state or its subdivisions, and expressly makes the approval of the Railroad and Public Utilities Commission a condition precedent to the validity of any such franchise. This provision embodies a most important matter of public policy, which we cannot presume the Legislature would either adopt or discard without plainly and deliberately expressing its intention.

■ Sections 5502-5508, comprising article 2 of the same chapter of the Code, do not deal with franchises, but directly refer to and purport to regulate physical operations of public utilities. Since no such operations may be undertaken by a company not in possession of a franchise, whenever one is required, by law, it would seem that the regulations and control prescribed by these sections were intended to apply to and affect a utility, already holding any required franchise with the commission's approval, which might be about to engage in some specific operation in competition with another similar company. The certificate of public convenience and necessity required by these sections is clearly in addition to and not a substitute for the commission's approval of the franchise, required by section 5453.

■ Giving effect to the rule of construction prescribed in section 13 of the Code, as well as to the general rule that the various sections of the Code must be reconciled if their language reasonably permits it (*Dagley* v. *State*, 144 Tenn., 501, 507, 508, 234 S. W., 333), we are of opinion and so hold that the Code sections 5502-5508 were not intended to and do not repeal the provision of section 5453 which requires the approval of the Railroad and Public Utilities Commission as a condition to the validity of all franchises included in that section.

What effect, if any, should be given to section 5508 of the Code by the Railroad and Public Utilities Commission, in determining whether the franchise of the competing company shall be approved or disapproved, is not presented by the pleadings in this case.

The chancellor was in error in overruling the demurrer to the cross-bill. His decree will accordingly be reversed, and the case remanded for further proceedings not inconsistent with this opinion. The appellee will pay the costs of the appeal.