ROBERTS *v.* CAHILL FORGE & FOUNDRY CO.

(*Knoxville*, September Term, 1944.)

Opinion filed December 2, 1944.

Thos. S. Myers, of Chattanooga, for plaintiff-plaintiff in error.

Finlay & Campbell, of Chattanooga, for defendant-defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

Plaintiff in error, and plaintiff below, Julia Roberts, as administratrix of the estate of James Edward Lunsford, deceased, brought this action for damages in the sum of $25,000 against defendant in error, Cahill Forge & Foundry Company. Plaintiff is the mother of the deceased, and the cause of action alleged in the declaration was the "wrongful death" of the deceased in the course of his employment by the defendant as a direct and proximate result of defendant's negligence. Deceased, who was a minor more than 16 years of age, was employed to test steel drums manufactured by defendant, to see that the drums were free from leaks and water-tight. To effect this test deceased submerged the drums in water, and electric light was necessary for his inspection of the drums, in the part of the plant where he was employed. On the morning of the accident, the light bulb where deceased was working, burned out and while replacing the bulb, the deceased was electrocuted and died of shock.

The declaration was in two counts:—the first alleging a failure on the part of defendant to observe his common-law duty to warn the deceased of the dangers of electricity, and charging that as a proximate result of this failure, deceased had met his death. The second count charged a violation by defendant of section 5318 of the Code, and alleged that the defendant negligently failed to have an employment certificate for the deceased as under the provisions of said section, defendant was legally required to do.

After it was admitted that there was no liability under the first count of the declaration, the trial judge sustained a demurrer to the second count, and from that action of the trial court the plaintiff has appealed and assigned errors.

The essential question presented by the appeal is whether or not the Code of Tennessee requires that operators of a forge and foundry business, who employ minors between 16 and 21 years of age, are required to have on file an employment certificate for such minors. In short, the question is whether section 5318 of the Code is applicable to a business such as that operated by defendant, so as to predicate liability for negligence under the holding of this Court in *Fulton Co.* v. *Massachusetts Bonding & Ins. Co.*, 138 Tenn. 278, 197 S. W. 866.

Chapter 18 of the Code (sections 5314 through 5330) is entitled "employment of Minor Children and of Females." For the regulation of their employment, minors are there divided into three groups according to age: (1) Those under fourteen years of age. (2) Those between 14 and 16 years of age. (3) Those over 16 and less than 21 years of age. The first part of section 5314 absolutely prohibits the employment of a minor under 14 years of age in certain places of industry (in language which would include a foundry such as that operated by defendant here), and the second part prohibits the employment of minors under 16 years of age between 6 o'clock in the evening and 6 o'clock in the morning of any day. Section 5316 prohibits the employment of minors under 16 in certain specified occupations (but it is agreed that the occupation in which deceased was engaged at the time of his death is not among those listed). Section 5317 makes it unlawful to employ any minor between 14 and 16 years of age in those places listed in section 5314, unless an employment certificate has been secured. By section 5318, it is provided that no minor shall be employed in the occupations listed in "the preceding section" unless the employer keeps on file an employment certificate

to be procured under certain conditions from the Department of Labor.

The only preceding section in the chapter, which contains a list of occupations (as distinguished from places of industrial employment), is section 5316, by which it is made unlawful to employ minors under 16 in "the following occupations or in any of the following positions," etc. Section 5314 makes it unlawful to employ a child under 14 in certain places,—e. g. mills, factories, workshops, etc. In seeking the legislative intent, as expressed in section 5318, it is to be noted that the words "preceding section," not "next preceding section" are used, so that if the words "of this chapter" be supplied (and to us they seem to be necessarily implied) all ambiguity disappears.

Basing the second count of the declaration on an alleged violation of section 5318, plaintiff's counsel insists that the words "preceding section" as used in section 5318, refer to section 5317, and he further maintains that by reference in the latter section to section 5314, defendant's factory is included as one of the places where the law requires that employment certificates be kept on file to justify the employment of minors of the age of plaintiff's deceased. It is admitted that defendant's foundry would not be included if section 5316 is held to apply.

We think this is a strained and unreasonable construction of the clear meaning of the three sections in question, especially when consideration is given to the original acts of the Legislature from which these three sections of the Code were copied *verbatim*. But plaintiff's counsel insists that we are precluded from reference to the original legislative acts, because there is no ambiguity in the language of these sections of the Code. We think that when plaintiff's construction necessitates

the identification of certain occupations with certain places of employment as being synonymous in a penal statute, that an ambiguity is manifest.

█ Counsel further insists that we are precluded from reference to the original acts because such acts were repealed by section 2 of the Code. This section has no application where the codifiers clearly express an intention to embody in the Code, and so re-enact Acts of the Legislature which were in force and effect at the time of the adoption of the Code in 1932.

█ Chapter 39, Public Acts 1931, under the authority of which the present Code was enacted, states specifically the purpose of the statute which is to "revise and codify" existing laws, and not to change or repeal them. Each of the sections of the Code in question here, has at the end of the section, a specific citation to the Act of the Legislature from which it is copied without modification.

We hold, therefore, that the language of section 5318 does create an ambiguity, that no express repeal or change in the law is made by said section, and that for the intelligent clarification of the ambiguity apparent in said section, a reference to the original acts of the Legislature is proper and necessary, to effectuate the legislative intent. *Holston River Elec. Co.* v. *Hydro Electric Corporation*, 166 Tenn. 662, 64 S. W. (2d) 509; *Fort* v. *Noe*, 144 Tenn. 337, 341, 233 S. W. 516.

█ Section 5318 of the Code, upon an alleged violation of which this cause of action is predicated, is incorporated in the Code *verbatim* from Chapter 43 of Public Acts 1921. A reference to the original act, since we hold such reference proper in the present case, shows that the Act of 1921 was passed as an amendment to Chapter 57 of the Public Acts of 1911, and that the amendatory matter of the act was to be added after the words ''in mines or

quarries'' which are the concluding words of section 3 of the Acts of 1911. Section 5316 of the Code is a re-enactment *verbatim* of section 3 of Chapter 57 of the Public Acts of 1911 and so concludes with the words ''in mines or quarries.'' We think, therefore, that the conclusion is inescapable that the Legislature intended by the use of the words ''preceding section'' in section 5318, to refer back to section 5316, since as stated, section 5318 (the Act of 1921) had been passed as an amendment to section 5316 (the Act of 1911), and for many years enforced accordingly by the Department of Labor. It is beyond reasonable inference that the Legislature would have made the fundamental change in the Child Labor Laws, for which plaintiff contends merely by implication and without expressed intention.

The primary rule of statutory construction, more important and compelling than all others, is that the law be rendered intelligible and absurdities avoided. *Wise & Co.* v. *Morgan*, 101 Tenn. 273, 48 S. W. 971, 44 L. R. A. 548; *Memphis St. Railroad* v. *Byrne*, 119 Tenn. 278, 104 S. W. 460; *Maxey* v. *Powers*, 117 Tenn. 381, 101 S. W. 181. The ordinary meaning of the words used may be restricted or enlarged to avoid absurdity and effectuate the legislative intent, *Solvent Sav. Bank & Trust Co.* v. *Walker*, 128 Tenn. 22, 157 S. W. 66; *Heiskell* v. *Lowe*, 126 Tenn. 475, 153 S. W. 284; *Maxey* v. *Powers, supra.*

Since we hold that the language ''preceding section'' in section 5318 refers to section 5316, and since that section absolutely prohibits the employment of minors under 16 years of age in the occupations there specified, it results that the effect of section 5318 is to permit the employment of minors between 16 and 21 years of age, in the occupations set out in section 5316, only

when employment certificates are procured and kept on file as provided in section 5318.

All assignments of error are overruled and the judgment is affirmed.

GREEN, C. J., CHAMBLISS and NEIL, JJ., and WEBB, S. J., concur.