DEARING *v.* BRUSH CREEK COAL CO.

(*Knoxville*, September Term, 1944.)

Opinion filed March 3, 1945.

SOLON L. ROBINSON, of Pikeville, for complainant-appellee.

RAULSTON & RAULSTON, of South Pittsburg, for defendant-appellant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

As an amendment to his original bill wihch embodied an ejectment suit, complainant, who is the appellee here, under the provisions of Code, sections 7608 through 7613, filed a petition in the Chancery Court of Bledsoe County against Brush Creek Coal Company, defendant and appellant, by which he sought the correction of the grant under which he was proceeding in the ejectment suit, when the mistake was discovered. After certain amendments to this petition were allowed by the chancellor, the defendant filed a demurrer. The chancellor overruled the demurrer, and from this action the defendant has perfected an appeal to this Court.

The defendant has made seven assignments of error and we will consider them in the course of the opinion. Complainant's right to relief is limited to that which is afforded by sections 7608 through 7613 of the Code, not only because that is the procedure which he

expressly follows in filing his petition, but also because none of the other laws which are set out at length by the Chancellor in his opinion appear in the Code of 1932, and therefore, are expressly repealed by section 2 thereof. Section 7608 and section 7612 of the Code are copied *verbatim* from section 1 of Chapter 83 of the Acts of 1813. These sections are as follows:

Section 7608: "Conveyance, error or mistake in, corrected upon petition.—Whenever an error or mistake is made in any deed of conveyance, or in the registration thereof, either in courses, distances, or names, the person liable to injury by such error.or mistake may prefer his petition to the circuit court of the county in which the land is situated, setting forth the nature of the mistake or error, and all and singular the matters relative thereto."

Section 7612: "Order for correction and for registration.—The court shall examine such testimony as the petitioner may produce; and whenever it shall appear evident, from such testimony, that there was an error or mistake committed in drawing said deed of conveyance, the court shall order the same to be rectified, so as to comport with the intention of the parties; and shall further order the register of the county, in which the land is situated, to register the conveyance agreeably to the correction."

By his petition, complainant is seeking to correct a certain grant from the State of Tennessee to Edmund Munroe, the pertinent part of which is as follows:

"There is granted by the said State of Tennessee unto Edmund Munroe, assignee of John B. McCormick, who was assignee of Samuel Goly, a certain tract or parcel of land containing Five Thousand acres, by survey bearing

date the 31st day of May, 1837, lying in said county on the waters of Rocky river:

"Beginning on the Southeast corner of William C. Smart's 5000 acre survey on a white oak, *running South*, running south nine hundred poles (crossing Hill's Tract at 637 poles) to a hickory; thence East Nine Hundred poles to the beginning, having crossed *sever* branches on each line and including and platting out 62½ acres of older title."

The survey to which reference is made in the foregoing grant as bearing date the 31st day of May, 1837, is in part as follows:

"Surveyed the 31st May 1837 for Samuel Goly, Five Thousand acres of land by virtue of an Entry bearing date the 24th day of May 1837 No. 4474 situated in said County on the *wester* of Rocky River, beginning on a white oak the southeast corner of 5000 acre survey in the name of Wm. C. Smartt and running south crossing Hills tract at 637 poles in all nine hundred poles to hickory then east nine hundred poles *to gum; thence north nine hundred poles to hickory, then west nine hundred poles* to the beginning, having crossed some branches on each line and including and platting out 62½ acres of older title."

We have italicized those words which appear in the survey which do not appear in the grant, but which the complainant seeks by his petition to have inserted in the grant.

Since section 7608 does not use the word "grant," defendant's first insistence is that there is no authority afforded thereby for the correction of a grant. Since this section 7608 is copied without modification from section 1 of Chapter 82 of the Acts of 1813, and the codifiers so state, it is proper for us to refer to the original Act

for clarification, since an intention to modify is expressly excluded by the language of the codifiers themselves. *Roberts* v. *Cahill Forge & Foundry Co.*, 181 Tenn. 688, **184 S. W. (2d) 29, 31**; *Holston River Electric Co.* v. *Hydro Electric Corp.*, 166 Tenn. 662, 64 S. W. (2d) 509; *Fort* v. *Noe*, 144 Tenn. 337, 223 S. W. 516.

The caption of Chapter 83 of the Acts of 1813 did contain the word "grant," and is as follows:

"Chapter 83. An Act to amend an Act entitled 'An Act to bring into one view the several Acts of Assembly relative to the correction of errors, in grants, mesne conveyances or bills of sale, and to amend the same.' "

■ The caption of the act is, of course, not copied in the Code and the word "grant" was not used in section 1 of the act as originally passed. The phrase "any deed of conveyance" was that used in the original act, and is also the phrase used in the Code section. The conclusion is inescapable, we think, that the Legislature considered that "any deed of conveyance" was broad enough to include "grant." This use of words is supported by general authority:

"Subject to a more particular statutory definition, the term 'conveyance' connotes a deed whereby the title to land is transferred from one person to another, both the term 'deed' in the restricted sense and the term 'conveyance' being an abbreviated form of the expression 'deed of conveyance.' " 16 Am. Jur., 438, sec. 3.

"The expression 'deed of conveyance' was used when it was desired to differentiate a deed in the modern sense from a deed creating an obligation, such as a bond, which is embraced within the broader meaning of 'deed.' " 16 Am. Jur. 438, section 2.

Compare 26 C. J. S., Deeds, sec. 1, p. 173; 18 C. J. S., Conveyance, p. 94.

■ Grant is held to be a synonym of conveyance. *Hanrion* v. *Hanrion et al.*, 73 Kan. 25, 84 P. 381, 382, 117 Am. St. Rep. 453. ''Whether he intended to use the word 'grant' in the sense of a grant or patent by the state, or in its more enlarged sense of any kind of a deed from one person to another, is immaterial.'' *De Garmo* v. *Prater,* 125 Tenn., 497, 524, 146 S. W. 144, 151 Ann. Cas. 1913C, 346.

The Supreme Court of the United States has held that a land grant is a contract within the protection of the Constitution. *Appleby* v. *New York,* 271 U. S. 364, 46 S. Ct. 569, 70 L. Ed. 992; *Pennoyer* v. *McConnaughy,* 140 U. S. 1, 11 S. Ct. 699, 35 L. Ed. 363; *American Emigrant Co.* v. *Adams,* 100 U. S. 61, 25 L. Ed. 563. And that a contract between an individual citizen and the State is protected by the Constitution, as is a contract between private parties. *Columbia Railway, Gas & E. Co.* v. *South Carolina,* 261 U. S. 236, 43 S. Ct. 306, 67 L. Ed. 629; *Aikins* v. *Kingsbury,* 247 U. S. 484, 38 S. Ct. 558, 62 L. Ed. 1226; *Fletcher* v. *Peck,* 6 Cranch 87, 3 L. Ed. 162; *Winter* v. *Jones,* 10 Ga. 190, 54 Am. Dec. 379.

■ From the foregoing authorities we conclude that the phrase ''any deed of conveyance'' is broad enough to include ''grants'' from the State to individual citizens.

All assignments of error made by the defendant in that regard are, therefore, overruled.

■ Next, bearing in mind that the procedure authorized by sections 7608, et seq., being ''almost summary'' (*Pile* v. *Crawford,* 160 Tenn. 358, 24 S. W. (2d) 892) and in derogation of the common law, it is to be determined whether the authority granted by those sections to correct errors ''in courses, distances, or names,'' gives authority to supply two calls with the courses and distances which are carried in the original survey (*supra*) but are omitted

by mistake from the grant, which, however, incorporates the survey by reference. From the identity of the words and language which is common to the grant and the survey, it is clear beyond doubt, that on copying the survey into the grant a clerical error was made by omission of that part of the description, which we have italicized and quoted above.

■ "The primary and fundamental rule to which all others relate and must yield is that the intention of the parties gathered from the whole instrument, taken in connection with surrounding circumstances, must control." *Cates* v. *Reynolds,* 143 Tenn. 667, 672, 228 S. W. 695, 696; *Pritchard* v. *Rebori,* 135 Tenn. 328, 330, 186 S. W. 121.

■ "If a doubt with regard to boundary arises from the calls of the grant, the plat and certificate of survey may be referred to, to remove it. In such case the plat shall have not a directory, but a locative, operation in determining its precise limits. This is true although it may result in disregarding a fixed natural or artificial object called for in the grant." *Cates* v. *Reynolds, supra,* 143 Tenn. at page 679, 680, 228 S. W. at page 698, and cases there cited.

"To this it was answered by the plaintiff's counsel, that the case in the Supreme Court of the United States, upon a question respecting lands in Sequatchie valley, governed this case. It was said it was there decided that the plat appended to the grant controlled the call of the grant. . . . The objection amounts to this; the word *opposite* is left out by mistake; for supply this word, and it is formally correct, and would then read thus, North 696 poles, opposite the Holland line." *Childress* v. *Holland,* 4 Tenn. 274, 286, 287.

"It is unnecessary to determine, in this case, whether the plat attached to the grant will, like an actual survey, control the calls of the grant." *Den ex dem. Roberts & Co.* v. *Cunningham,* 8 Tenn. 67, 73.

"But it is not by force of the special calls, for course and distance, upon the face of a grant, solely and exclusively, that a grant is held to receive a precise and definite location. The grant may refer to something extrinsic, as to the plat and certificate of survey which accompanies or is annexed to it, which shall have, not a directory, but locative operation in determining its precise limits. *The plat and certificate of survey accompanies the grant* before us, and to which the grant refers, represents the 3840 acre tract as lying in the bend of Cumberland river, and upon one side of it only. This will have the legal effect to fix the tract described by the grant in that manner." (Emphasis ours.) *Bell* v. *Hickman,* 25 Tenn. 398, 400.

In *Hitchcock* v. *Southern Iron & Timber Co.* (Tenn. Ch. App.), 38 S. W. 588, 589, it was held:

"Where calls in a grant are 'thence west 900 poles to the county line, and with the same . . . to the beginning,' and the line west will not reach the county line at 900 poles, and cannot be extended to reach it, the call 'thence south to the county line' will be inserted after the word 'poles,' *as an omitted call*; that being the direction necessary for a line to reach the county line." (Emphasis ours.)

Clearly the survey was an actual one and natural objects (trees) were marked as boundaries in making it, therefore, to aid omission in the description, parol or extrinsic evidence is admissible. *Massengill* v. *Boyles,* 23 Tenn. 205, 207.

 From these authorities, there can be no doubt that the survey may be looked to, to supply a part of the description lacking in the grant itself. It is only necessary, therefore, to determine whether or not the language of the Code, sections 7608 and 7612, authorized the Court to supply the words omitted from the description. From a study of the survey and the grant, it cannot be doubted that the omission was a mere clerical mistake. The language of the Code sections is by no means or words, limited to errors of commission as distinguished from those of omission. The language used in 7608 is, "whenever an error or mistake is made in any deed of conveyance," and by section 7612 the Judge is authorized, "whenever it shall appear evident, from such testimony, that there was an error or mistake *committed in drawing said deed of conveyance*," etc. Certainly here, there was an error or mistake committed in drawing the grant which we have held to be a deed of conveyance, and no matter how strictly we may construe the scope of the language used, there is nothing, whatever, therein to limit its scope to errors or mistakes of commission, as distinguished from errors and mistakes of omission.

Defendants rely on the case of *Pile* v. *Crawford*, 160 Tenn. 358, 24 S. W. (2d) 892, where it was held that the judge had no authority to *change* the name of the county written in the grant, to the name of another county where it was alleged the land actually lay. It is elementary that a positive statement in a deed may not be changed, but an omission may be supplied by extrinsic evidence, as was held in the case of *Hitchcock* v. *Southern Iron & Timber Co., supra.* Compare *Christian* v. *Cope* (Tenn. Ch. App.), 56 S. W. 1030.

"Parol evidence is admissible which does not tend to contradict the writing, but to supply an omission, espe-

cially where, upon the face of the writing, the omission was clearly an oversight." 20 Am. Jur., 984; *Caughron* v. *Stinespring,* 132 Tenn. 636, 179 S. W. 152, L. R. A. 1916C, 403; 32 C. J. S., Evidence, sec. 1010, p. 1026.

Here there was a definite and express intention to grant 62½ acres of land. The number of acres named in a deed is sometimes the matter of description which locates and identifies the land. *Phoenix Mut. L. Ins. Co.* v. *Kingston Bank & Trust Co.,* 172 Tenn. 335, 112 S. W. (2d) 381; *Bynum* v. *McDowell,* 3 Tenn. App. 340.

All assignments of error are overruled, the decree of the Chancellor overruling the demurrer is affirmed and the cause is remanded at the cost of defendant-appellant.