138

ARNOLD *v.* ROCK CITY PAPER BOX CO. *et al.*
(Two Cases)

(*Knoxville*, September Term, 1949.)

Opinion filed October 10, 1949.

James R. Tuck and William C. Bowen, of Nashville, for plaintiff in error.

Denny, Leftwich & Glasgow, of Nashville, for defendants in error.

Mr. Justice Gailor delivered the opinion of the Court.

These two suits were consolidated and tried together. The first is by the minor for personal injuries, and the second is by the father for hospital expenses, medicine and doctors' bills. The only question presented by the petition for *certiorari* is stated by the petitioners them-

selves to be: "Although there were several counts to each declaration, as stated, and numerous grounds assigned in defendants' motion for new trial in the trial Court and four errors assigned in Plaintiff's appeal to the Court of Appeals, there has never been but one real issue in this case, namely, whether or not there was on file with the defendant employers a valid employment certificate as required by Williams' Tennessee Code, Annotated, Section 5318, at the time of the injury to the infant plaintiff."

Robert Clifford Arnold, a minor 17 years of age, was employed by the Box Company, and while operating a machine driven by electricity and designed to cut sheets of cardboard at the corners, so that the sheets might be folded to make boxes, he was injured. The cutting part of the machine severed the ends of the four fingers of his right hand. The accident occurred about six in the afternoon.

Before he was employed by the defendant, plaintiff, with his mother, had gone to the courthouse and secured an employment certificate to comply with the provisions of Code Section 5318. The certificate is an exhibit and is upon a regular printed form supplied by the Department of Labor. There can be no dispute that it complied with the requirements of Section 5318, but it is insisted that since the certificate limited plaintiff's permitted occupation to "laborer,"and his working hours to "7:30 a. m. to 5:00 p. m." that in effect, since at the time of the accident plaintiff was operating a machine, and since the accident occurred at 6:00 p. m., that plaintiff's employment was not covered by the certificate at the time of his injury.

■ Neither Section 5318, nor any other section of the Code provides for limited or restricted certificates of employment for minors over 16 years of age. The section does provide for medical examination to determine the minor's physical condition and degree of mental development. When the result of such examination is favorable, the certificate, required by Section 5318, permits the minor to engage in any of the dangerous employments enumerated in Section 5316, *Roberts* v. *Cahill Forge & Foundry Co.*, 181 Tenn. 688, 184 S. W. (2d) 29, to the same extent and under the same conditions as an adult.

■ Now considering the two points raised by the petitioner: (1) Was plaintiff employed as a laborer at the time of the accident? The employment of a laborer has been often defined to cover such work as requires "muscle rather than mind," or "brawn rather than brain," 51 C. J. S., page 475 et seq. In the certificate, there is no attempt to limit the employment to unskilled or non-mechanical labor, and we think definitely that plaintiff was engaged in semi-skilled labor at the time of the accident. The operation of the machine was very simple according to plaintiff's own admission and description of it. He was certainly working at the time as a "laborer," not as a "clerk" or "executive," 51 C. J. S. page 475, *supra.*

■ (2) Did the fact that at the time of his injury, plaintiff was working after 5:00 p. m., void the certificate and render his employment illegal? For the employment of minors over 16 years of age, there is no limitation on hours of employment, but by Section 5314 of the Code, "no child under sixteen years of age shall be employed, permitted, or suffered to work in any of the

occupations named in this section between the hours of six o'clock in the evening and six o'clock in the morning of any one day.'' Evidently, the printed form supplied by the Department of Labor and used in this case for a minor over 16 years of age, was a general form used also for minors under 16, and it, therefore, contained a space for ''hours of employment.'' Since there is no statutory limit or prescription for hours of the day or night during which a minor of plaintiff's age might be employed, the provision in the certificate, that his hours of employment were from ''7:30 a. m. to 5:00 p. m.'' were surplusage, as the Court of Appeals found, and the provision had no effect on the legality of his employment.

■ The requirement of the certificate and the authority to issue it was a matter entirely of statutory law, and the issuing authority had only such discretionary power as the statute provided. This did not include authority to limit or restrict hours or employment for minors over 16 years of age.

Writ denied.

All concur.