**In re Renee Marie VANDEBERG d/b/a Quest Rental Properties, Debtor.**

**No. 01–30508.**

United States Bankruptcy Court,
E.D. Tennessee.

July 23, 2001.

Keith L. Edmiston, Hodges, Doughty & Carson, P.L.L.C., Knoxville, TN, for Debtor.

Maurice K. Guinn, Richard T. Scrugham, Jr., Gentry, Tipton, Kizer & McLemore, P.C., Knoxville, TN, for Maurice K. Guinn, Trustee.

### MEMORANDUM ON TRUSTEE'S OBJECTION TO CLAIMS OF EXEMPTION

RICHARD STAIR, Jr., Bankruptcy Judge.

Maurice K. Guinn, the Chapter 7 Trustee (Trustee), filed an Objection to Claims of Exemption on April 11, 2001. Subsequently, an Objection to Amended Claims of Exemption (collectively, the "Objection") was filed by the Trustee on May 17, 2001. A Pretrial Order dated June 13, 2001, fixes the issues to be resolved by the court as follows:

(1) Is the debtor's interest in a Fidelity Investments[ ] Roth IRA exempt pursuant to Tenn.Code Ann. § 26–2–105?

(2) May the debtor exempt the $500.00 in her checking account and a Scanoe valued at $100.00 pursuant to Tenn.Code Ann. § 26–2–102?

(3) May the debtor exempt the $500.00 in her checking [account] and a Scanoe valued at $100.00 pursuant to Tenn.Code Ann. § 26–2–103?

By agreement of the parties, all issues will be resolved upon written Stipulations filed on June 14, 2001, and upon briefs.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

## I

The Debtor filed her Chapter 7 Petition on February 1, 2001. Among the claimed exemptions in Schedule C were $500.00 in the Debtor's checking account and a "Scanoe" valued at $100.00. Both exemptions were claimed under TENN. CODE ANN. § 26–2–102 (2000), which defines the terms "earnings," "disposable earnings," and "garnishment" but does not create an exemption. The Trustee therefore is correct in his objection that § 26–2–102 is not a valid source of exemption.

The Debtor does not contest the Trustee's Objection on these points and explains that § 26–2–102 was incorrectly referenced due to a problem with her counsel's computer program caused by the recent renumbering of the Tennessee exemption statutes. The proper source of exemption for the checking account funds is TENN. CODE ANN. § 26–2–103, which allows for exemption of up to $4,000.00 in personal property, "including money and funds on deposit with a bank or other financial institution." TENN. CODE ANN. § 26–2–103 (2000).[1]

However, through the exclusion of other property, the Debtor has already exhausted her $4,000.00 exemption under § 26–2–103. The Debtor proposes to make room for the checking account funds by removing a gift trust, valued at $1,194.00, from her § 26–2–103 exemptions. The Debtor contends that the trust is not property of the estate and should not have been included in her scheduled exemptions. The gift trust issue is not before the court.

Additionally, by affidavit dated June 27, 2001, appended to Trial Brief of Renee Vandeberg filed June 28, 2001, the Debtor states that the "Scanoe" belongs to her ex-husband and was inadvertently included in her scheduled assets. The Debtor further contends that because the "Scanoe" is not property of the estate, the issue of its exemption is moot. The property of the estate issue is not before the court.

Because the Debtor has not further amended her exemptions to remove the gift trust to allow her to exempt the $500.00 cash and because she has not withdrawn her claim of exemption in the "Scanoe," the Trustee's Objection to the Debtor's claimed exemptions in these assets will be sustained. The court will, however, allow the Debtor a period of ten days to amend her Schedule C as to these assets should she desire to do so.

## II

■ The remainder, and primary focus, of the Trustee's Objection is the Debtor's claimed exemption of $128,850.00 in retirement account funds under TENN. CODE ANN. § 26–2–105(b) which, on the date of the Debtor's filing, provided:

---

1. This statute was renumbered from § 26–2–102 to § 26–2–103 in the year 2000. *See* TENN. CODE ANN. § 26–2–102 (Compiler's Notes). The Debtor states that her counsel's computer program was not updated to reflect this change until after the relevant filings in this case.

Except [for domestic relations provisions not relevant to this case], any funds or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under §§ 401(a), 403(a), 403(b), and 408 of the Internal Revenue Code of 1986, as amended, are exempt from any and all claims of creditors of the participant or beneficiary, except the state of Tennessee. All records of the debtor concerning such plan and of the plan concerning the debtor's participation in the plan, or interest in the plan, are exempt from the subpoena process.

TENN. CODE ANN. § 26–2–105(b) (2000).[2] Specifically, the Trustee objects to the exemption of $41,908.12 held by the Debtor in a Roth IRA account.

Roth IRAs were created by the Taxpayer Relief Act of 1997 and codified at 26 U.S.C.A. § 408A (West Supp.2001). Similar to a traditional individual retirement account, the Roth IRA has been described as follows:

> The 1997 Act created a new IRA vehicle named for the Senator who introduced it. The Roth IRA differs from the traditional IRA in that contributions made to it are nondeductible. However, income generated in the Roth IRA will build up tax-free similar to the traditional IRA, but unlike the traditional IRA, distributions from the Roth IRA are tax-exempt.
>
> . . . .
>
> The main difference between the two IRAs is the timing of the tax benefit to the individual. With a traditional IRA, the taxpayer receives the benefit upfront with a tax deduction for the contribution, accumulates income tax-free, and pays taxes on the distributions when taken at retirement. In contrast, with the Roth IRA, the taxpayer does not receive a tax deduction when the contribution is made, but still accumulates tax-free income, and does not pay taxes when distributions are taken.

Jolie Howard, *The Roth IRA: A Viable Savings Vehicle for Americans?*, 35 HOUS. L. REV. 1269, 1279–83 (1998).

The Internal Revenue Code provides that a Roth IRA created under § 408A shall be treated in most respects "in the same manner as an individual retirement plan" created under § 408. 26 U.S.C.A. § 408A(a). However, despite the similarities between the two IRAs, § 408A is a statute separate from, rather than a subsection of, § 408.

Enacted prior to the creation of the Roth IRA, TENN. CODE ANN. § 26–2–105(b) provides an exemption for traditional § 408 IRAs but was not amended to exempt Roth IRAs until May 22, 2001, nearly four months after the Debtor's bankruptcy filing. *See* 2001 Tenn. Pub. Acts 260. Because exemptions are set on the date of the commencement of the bankruptcy case, the Trustee contends that the Debtor's exclusion of her Roth IRA under § 26–2–105(b) is invalid. *See In re Miller*, 246 B.R. 564, 566 (Bankr.E.D.Tenn.2000) ("Bankruptcy exemptions are 'fixed on the date of filing' and 'only . . . the law and facts as they exist[ed] on the date of filing the petition' are to be considered.") (quoting *Armstrong v. Peterson (In re Peterson)*, 897 F.2d 935, 937 (8th Cir.1990)).

---

**2.** The court has previously observed that the Internal Revenue Code sections referenced in this statute are incorrectly joined in the conjunctive rather than the disjunctive. A literal reading would render the statute a nullity by allowing an exemption only in the unlikely, if not impossible, instance that a retirement plan satisfied all four IRC provisions. *See, e.g., In re Martin*, 102 B.R. 639, 640 n. 2, 645 (Bankr.E.D.Tenn.1989).

Conversely, the Debtor argues that the reach of § 26–2–105(b) should extend to Roth IRAs. She first points out that the stated purpose of the recent T.C.A. amendment—"to *clarify* the exemption of Roth IRA funds from execution, attachment, or garnishment"—suggests that such accounts have always been exempt under § 26–2–105(b). *See* 2001 Tenn. Pub. Acts 260 (emphasis added). The Debtor also looks to a Tennessee Attorney General opinion which, more than two years before this bankruptcy, opined that Roth IRAs are exempt under Tennessee law because "they are essentially qualified plans under Internal Revenue Code § 408." Tenn. Att'y Gen. Op. 98–184, at *1086–88 (Sept. 9, 1998) ("[I]n light of the applicable legislative history, it appears that the purpose and intent of TENN. CODE ANN. § 26–2–104 [now § 26–2–105] is best accomplished by including Roth IRAs within its scope."). The Debtor urges the conclusion that Roth IRAs are sufficiently related to § 408 to enjoy the same protection under Tennessee law. *See id.* at *1087 (Section 408A incorporates § 408 by reference.).

■ When construing a Tennessee statute, the court must adhere to the rules of construction employed by the courts of Tennessee. *See In re Martin,* 102 B.R. 639, 645 (Bankr.E.D.Tenn.1989). The Tennessee Supreme Court recently commented:

> This Court's role in statutory interpretation is to ascertain and to effectuate the legislature's intent. Generally, legislative intent shall be derived from the plain and ordinary meaning of the statutory language when a statute's language is unambiguous. If a statute's language is expressed in a manner devoid of ambiguity, courts are not at liberty to depart from the statute's words.

*Freeman v. Marco Transp. Co.,* 27 S.W.3d 909, 911 (Tenn.2000) (citations omitted). Therefore, unless an ambiguity is present in § 26–2–105(b), the court cannot consider the legislature's intention regarding the exemption of Roth IRAs.

■ Each party in the present case tenders an entirely reasonable interpretation of the statutory text. Under Tennessee law, where the parties legitimately have differing interpretations of the same statutory language, an ambiguity exists. *See Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995); *Consumer Advocate Div. v. Tennessee Regulatory Auth.,* No. M1999–01699–COA–R12–CV, 2000 WL 1514324, at *3 (Tenn.Ct.App. Oct. 12, 2000). Accordingly, the legislative history of § 26–2–105(b), along with the overall statutory scheme, may be considered in resolving this issue. *See id.*

■ The court has previously recognized that in Tennessee:

> The primary rule of statutory construction, more important and compelling than all others, is that the law be rendered intelligible and absurdities avoided. The ordinary meaning of the words used may be restricted or enlarged to avoid absurdity and effectuate the legislative intent.

*Martin,* 102 B.R. at 645 (quoting *Roberts v. Cahill Forge & Foundry Co.,* 181 Tenn. 688, 184 S.W.2d 29, 31 (1944)); *accord State v. Leech,* 588 S.W.2d 534, 540 (Tenn. 1979) (Statutes must be construed with "the saving grace of common sense."). Further, the court "must consider not merely the words or phrases used, but also the background, purpose and general circumstances under which they were used." *First Nat'l Bank of Memphis v. McCanless,* 186 Tenn. 1, 207 S.W.2d 1007, 1009 (1948). "[A] construction should be avoided which would operate to impair, frus-

trate or defeat the object of the statute." *Id.* at 1010.

The Tennessee Attorney General identified two primary goals in the legislative history of § 26–2–105. First, the legislature intended to protect private retirement plans in order to "benefit and encourage people who are saving money for their retirement." Tenn. Att'y Gen. Op. 98–184, at *1087. Additionally, the legislature intended for this protection to extend to those private plans protected by federal law. *See id.*

The court concludes that Roth IRAs were not expressly included in the language of § 26–2–105 merely because they had not yet been created at the time of the enactment of the state statute. *See id.* at 1087. The structure and purpose of traditional and Roth IRAs are analogous and it is inconceivable that the Tennessee legislature would consciously chose to protect one and not the other. The recent amendment "clarifying" the exemption of Roth IRAs only serves to bolster this conclusion.[3]

The court has given thoughtful consideration to the Trustee's view that § 26–2–105 should be construed strictly according to its express terms, but despite the Trustee's well-presented position the statute's ambiguity must be resolved in a manner consistent with legislative policy and intent. *See Burns v. Duncan,* 23 Tenn.App. 374, 133 S.W.2d 1000, 1007 (1939). The court must presume that the legislature did not intend an absurdity. *See Kite v. Kite,* 22 S.W.3d 803, 805 (Tenn.1997).

For the above reasons, the court concludes that the Debtor's exemption under TENN. CODE ANN. § 26–2–105(b) is appropriate and the Trustee's Objection will be overruled. An appropriate order will be entered.

### ORDER

For the reasons stated in the Memorandum on Trustee's Objection to Claims of Exemption filed this date, the court directs the following:

1. The Debtor's claim in her Amendment to Schedule C filed April 17, 2001, to an exemption of $500.00 in her checking account under "TCA § 26–2–102" is DISALLOWED. The Objection to Amended Claims of Exemption filed by the Chapter 7 Trustee, Maurice K. Guinn, on May 17, 2001, is, as to this exemption, SUSTAINED.

2. The Debtor's claim in her Amendment to Schedule C filed April 17, 2001, to an exemption of her "Scanoe" under "TCA § 26–2–102" is DISALLOWED. The Objection to Amended Claims of Exemption filed by the Chapter 7 Trustee, Maurice K. Guinn, on May 17, 2001, is, as to this exemption, SUSTAINED.

3. The Debtor's claim in her Amendment to Schedule C filed April 17, 2001, to an exemption in $128,850.00 in her retirement account under "TCA § 26–2–105" is ALLOWED and the Objection to Amended Claims of Exemption filed by the Chapter 7 Trustee Maurice K. Guinn, on May 17, 2001, is, as to this exemption, OVERRULED.

---

**3.** The court acknowledges that the Tennessee legislature was aware of Roth IRAs prior to the Debtor's bankruptcy filing and seemingly could have amended § 26–2–105 sooner than it did. *See* Tenn.Code Ann. § 67–2–104(s) (1998 & Supp.2000) (amended in 1998 to address Roth IRAs). However, legislative inaction "is a poor beacon to follow in discern-

ing the proper statutory route." *Zuber v. Allen,* 396 U.S. 168, 90 S.Ct. 314, 323, 24 L.Ed.2d 345 (1969). It is "at best treacherous" to construe a statute through legislative silence or delay. *Girouard v. United States,* 328 U.S. 61, 66 S.Ct. 826, 830, 90 L.Ed. 1084 (1946).

4. The Debtor may, within ten (10) days, further amend Schedule C to her Voluntary Petition to accommodate the court's ruling on the $500.00 in her checking account and the "Scanoe."

SO ORDERED.