**In re Robert Roscoe MARTIN d/b/a RR Martin Construction Company and Barbara Jean Martin, Debtors.**

**Bankruptcy No. 3–88–02890.**

United States Bankruptcy Court, E.D. Tennessee.

June 30, 1989.

---

Gail F. Wortley, Knoxville, Tenn., for debtors.

John F. Weaver, Knoxville, Tenn., Trustee.

## MEMORANDUM ON TRUSTEE'S OBJECTION TO DEBTORS' AMENDED CLAIM OF EXEMPTION

RICHARD STAIR, Jr., Bankruptcy Judge.

The trustee in this Chapter 7 case objects to the claim of the debtor, Barbara Jean Martin, to a $4,000.00 exemption in an individual retirement account (IRA). The debtor claims her exemption under Tennessee law pursuant to Tenn.Code Ann. § 26–2–104 (Supp.1988) which provides in material part: [1]

> 26–2–104. State pension moneys, certain retirement plan funds or assets, exempt.
>
> . . . .
>
> (b) Except as provided in subsection (c) [inapplicable herein], any funds or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under §§ 401(a), 403(a), 403(b), and [sic] 408 of the federal Internal Revenue Code of 1986, as amended,[2] are exempt from any and all claims of creditors of the participant or beneficiary, except the state of Tennessee. . . .

Facts essential to a resolution of the issues before the court have been stipulated by the debtor and trustee.[3] Included in their stipulation is a proviso that the IRA claimed exempt by Mrs. Martin "is qualified under § 408(a) of the federal Internal Revenue Code of 1986, as amended."

---

**1.** Pursuant to 11 U.S.C.A. § 522(b)(1) (West 1979), Tennessee opted out of the federal scheme of exemptions in 1980. *See* Tenn.Code Ann. § 26–2–112 (1980).

**2.** Provisions of the Internal Revenue Code as referenced in this statute are improperly joined in the conjunctive rather than the disjunctive. The implications of this apparent drafting error are discussed in more detail *infra*.

**3.** The parties filed written "Stipulations For Trustee's Objection To Debtors' Amended Claim Of Exemption" on April 3, 1989. On June 8, 1989, the parties filed an "Additional Stipulation For Trustee's Objection To Debtors' Amended Claim Of Exemptions."

The trustee contends that Tenn.Code Ann. § 26–2–104(b) (Supp.1988) is preempted by ERISA.[4] Alternatively, the trustee asserts that an IRA established by an individual is not a "retirement plan" within the meaning of the Tennessee statute.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West Supp.1989).

## I

### Preemption by ERISA

The trustee argues that under the authority of the recent United States Supreme Court decision in *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), ERISA preempts Tenn.Code Ann. § 26–2–104(b) (1980). Therefore, the trustee argues that the debtor's claim of an exemption under this statute is invalid and must be disallowed.

In *Mackey,* the Supreme Court held that a Georgia statute exempting an employee welfare benefit plan from garnishment was preempted by ERISA. The Court struck down the Georgia statute on the strength of ERISA § 514(a), which, as codified at 29 U.S.C.A. § 1144(a) (West 1985), provides in material part:

(a) Supersedure; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter [ERISA title I] and subchapter III of this chapter [ERISA title IV] shall

supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [5] described in section 1003(a) of this title and not exempt under section 1003(b) of this title.... [6]

In its discussion of the preemptive effect of ERISA § 514(a), the Supreme Court stated:

Where Congress intended in ERISA to preclude a particular method of state-law enforcement of judgments, or extend anti-alienation protection to a particular type of ERISA plan, it did so expressly in the statute. Specifically, ERISA § 206(d)(1) bars (with certain enumerated exceptions) the alienation or assignment of benefits provided for by ERISA pension benefit plans. 29 U.S.C. Sec. 1056(d)(1).[7] Congress did not enact any similar provision applicable to ERISA welfare benefit plans....

*Mackey v. Lanier Collections Agency & Service, Inc.,* 108 S.Ct. at 2188 (emphasis in original). The Court concluded that ERISA is not intended to prohibit garnishment of welfare benefit plans even where the purpose thereof is to collect judgments against plan participants.

ERISA § 514(a), as codified, has application "to any employee benefit plan described in section 1003(a) of [title 29] and not exempt under section 1003(b) of [title 29]."[8] As defined in ERISA § 3(3) (29

---

**4.** Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, 88 Stat. 829 (codified at 29 U.S.C.A. §§ 1001, *et seq.* (West 1985 & Supp.1989) and in various provisions of the Internal Revenue Code).

**5.** ERISA § 3(3) (29 U.S.C.A. § 1002(3) (West Supp.1989)) defines "employee benefit plan" as follows:

(3) The term "employee benefit plan" or "plan" means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan.

**6.** ERISA § 4(a), as codified (29 U.S.C.A. § 1003(a) (West 1985)), is quoted *infra* at p. 642. ERISA § 4(b) (§ 1003(b) of title 29) is discussed *infra* at n. 8.

**7.** ERISA § 206(d)(1) (29 U.S.C.A. § 1056(d)(1) (West Supp.1989)) provides:

(d) Assignment or alienation of plan benefits

(1) Each pension benefit plan shall provide that benefits provided under the plan may not be assigned or alienated.

**8.** Section 1003(b) of title 29, ERISA § 4(b), exempts the following employee benefit plans from coverage under ERISA: governmental plans; church plans for which no election has been made under IRC § 410(d); plans maintained solely for the purpose of complying with workmen's compensation laws, unemployment compensation laws, or disability insurance laws; plans maintained outside the United States primarily for the benefit of persons substantially all of whom are nonresident aliens; and unfunded plans maintained by employers primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees.

U.S.C.A. § 1002(3) (West 1985)), employee benefit plans are of two types: welfare benefit plans which provide health, legal, vacation, or training benefits to its participants or beneficiaries (§ 1002(1) of title 29) and pension benefit plans which provide retirement income to employees (§ 1002(2) of title 29).

The coverage provisions of ERISA are limited to employee benefit plans established or maintained:

(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or

(2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or

(3) by both.[9]

29 U.S.C.A. § 1003(a) (West 1985).

This court finds nothing in its review of ERISA indicating a Congressional intent that ERISA was designed to include IRAs within the definition of "employee benefit plan" or "plan." [10]

Initially, it must be observed that the Congressional purpose in enacting ERISA, as set forth at ERISA § 2 (29 U.S.C.A. § 1001 (West 1985)), does not comport with the basic function and nature of IRAs. Section 1001 of title 29, entitled Congressional findings and declaration of policy, provides in material part:

The Congress finds that the growth in size, scope, and numbers of employee benefit plans in recent years has been rapid and substantial; ... that the continued well-being and security of millions of employees and their dependents are directly affected by these plans; ... that despite the enormous growth in such plans many employees with long years of employment are losing anticipated retirement benefits owing to the lack of vesting provisions in such plans; ... that owing to the termination of plans before requisite funds have been accumulated, employees and their beneficiaries have been deprived of anticipated benefits;
...

....

It is hereby declared to be the policy of this chapter ... [to] requir[e] the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

....

It is hereby further declared to be the policy of this chapter to protect ... the interests of participants in private pension plans and their beneficiaries by improving the equitable character and the soundness of such plans by requiring them to vest the accrued benefits of employees with significant periods of service, to meet minimum standards of funding, and by requiring plan termination insurance.

29 U.S.C.A. § 1001(a), (b) and (c) (West 1985). *See also* 29 U.S.C.A. §§ 1001a (West 1985) and 1001b (West Supp.1989).

---

**9.** The terms "employee organization," "employer" and "employee" are defined under ERISA § 3 as follows:

(4) The term "employee organization" means any labor union or any organization of any kind, or any agency or employee representation committee, association, group, or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning an employee benefit plan, or other matters incidental to employment relationships; or any employees' beneficiary association organized for the purpose in whole or in part, of establishing such a plan.

(5) The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employee in such capacity.

(6) The term "employee" means any individual employed by an employer.

29 U.S.C.A. § 1002(4), (5) and (6) (West Supp. 1989).

**10.** In fact, ERISA § 201(6), (29 U.S.C.A. § 1051(6) (West 1985)), expressly excludes IRAs from coverage under ERISA. *See also,* ERISA § 301(a)(7) (29 U.S.C.A. § 1081(a)(7) (West 1985)); § 401(a) (29 U.S.C.A. § 1101(a) (West 1985)); § 4021(a) and (b) (29 U.S.C.A. § 1321(a) and (b) (West 1985)).

The thrust of the Congressional findings is clear. As a result of abuses in benefit plans covering employee-participants, Congress enacted ERISA to prescribe standards and protections for the benefit of employee participants in employer controlled or employee organization controlled pension plans. *See Bartlett v. Patton,* 239 Kan. 628, 722 P.2d 551 (1986). In large employer controlled plans, the employee typically possessed little, if any, control over his or her interest in the plan. To address these problems, ERISA mandates reporting and disclosure requirements (29 U.S.C.A. § 1021, *et seq.* (West 1985 and Supp.1989)); participation and vesting standards (29 U.S.C.A. § 1051, *et seq.* (West 1985 and Supp.1989)); funding requirements for qualified plans (29 U.S.C.A. § 1081, *et seq.* (West 1985 & Supp.1989)); fiduciary responsibilities (29 U.S.C.A. § 1101, *et seq.* (West 1985 and Supp.1989)); and termination of qualified plans (29 U.S. C.A. § 1341, *et seq.* (West 1985 & Supp. 1989)).

The IRA in dispute has its foundation in IRC § 408(a), as amended (26 U.S.C.A. § 408(a) (West Supp.1989)), enacted in title II of ERISA.[11] The legislative history to IRC § 408 indicates that Congress intended IRAs to provide comparable tax advantages to individuals not participating in an ERISA-qualified plan. The House Report states that the proposed bill establishing IRAs is designed to "mak[e] available a special deduction for amounts set aside for retirement by employees who are not covered under a qualified plan...." House Rep. No. 807, 93rd Cong., 2d Sess., *reprinted at* 1974 U.S.Code Cong. & Admin.News at 4639, 4791.

Further, IRC § 219, entitled Retirement savings, prior to its amendment in 1986, did not allow individuals participating in a qualified pension benefit plan to deduct funds they might also deposit into an IRA account. 26 U.S.C.A. § 219(b) (West 1978). *See Orzechowski v. Commissioner of Internal Revenue,* 592 F.2d 677 (2nd Cir. 1979); *Guest v. Commissioner of Internal Revenue,* 72 T.C. 768 (1979). IRC § 219(b), prior to its amendment, evinces a clear intent by Congress that employee pension benefit plans and IRAs be considered separate and distinct creatures.

Implementing regulations which interpret the statutorily defined terms "employee pension benefit plan" and "pension plan" expressly exclude IRAs from the provisions of title I of ERISA:

(a) General. This section clarifies the limits of the defined terms "employee pension benefit plan" and "pension plan" for purposes of title I of [ERISA] ... by identifying certain specific plans, funds and programs which do not constitute employee pension benefit plans for those purposes.... [12]

. . . .

(d) Individual Retirement Accounts. (1) For purposes of title I of [ERISA] ... the terms "employee pension benefit plan" and "pension plan" shall not include an individual retirement account described in section 408(a) of the [IRC], an individual retirement annuity described in section 408(b) of the [IRC] and an individual retirement bond described in section 409 of the [IRC], provided that—

(i) No contributions are made by the employer or employee organization;

---

**11.** Title I of ERISA, Pub.L. No. 93–406, 88 Stat. 829 (codified at title 29 of the United States Code), embodies the labor law provisions of ERISA governing, inter alia, reporting and disclosure, participation and vesting, funding, fiduciary responsibility, and administration and enforcement. Title II of ERISA, Pub.L. No. 93–406 (codified in various sections of Title 26 of the United States Code), deals with amendments or additions to the Internal Revenue Code which impose requirements a plan must meet in order to provide the tax advantages and benefits of a qualified plan. The provisions of title II of

ERISA are not embodied within the preemptive scope of ERISA § 514(a) (29 U.S.C.A. § 1144(a) (West 1985)), quoted *supra* at p. 641 and 642.

**12.** The terms "employee pension benefit plan" and "pension plan" are defined in ERISA § 3(2)(A) (29 U.S.C.A. § 1002(2)(A) (West Supp. 1989)). These terms are included within the scope of the definition of "employee benefit plan" and "plan" as set forth in ERISA § 3(3) (29 U.S.C.A. § 1002(3) (West Supp.1989)). *See* n. 5, *supra.*

(ii) Participation is completely voluntary for employees or members;

(iii) The sole involvement of the employer or employee organization is without endorsement to permit the sponsor to publicize the program to employees or members, to collect contributions through payroll deductions or dues checkoffs and to remit them to the sponsor; and

(iv) the employer or employee organization receives no consideration in the form of cash or otherwise, other than reasonable compensation for services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–2(a) and (d) (revised as of July 1, 1987).

IRAs such as the one in dispute in the instant proceeding differ in key respects from ERISA qualified plans. IRAs are not plans; they are savings accounts. *In re Talbert*, 15 B.R. 536, 537 (Bankr.W.D.La. 1981). An IRA is contractual in nature, a contract between the depositor and a depository while a plan's contract is between the employer and its employees. *Id.* at 538; *see also Smith v. Winter Park Software, Inc.*, 504 So.2d 523, 524 (Ct.App.Fla. 1987) ("An IRA is a savings account with tax benefits and gratuitous contributions by the [employee]," quoting *In re Peeler*, 37 B.R. 517, 518 (Bankr.M.D.Tenn.1984); *Halliburton Co. v. Sam Mor*, 231 N.J.Super. 197, 555 A.2d 55 (Super.Ct.N.J.1988)).

IRAs are not required to contain the anti-alienation clause required under ERISA § 206(d)(1) (29 U.S.C.A. § 1056(d)(1) (West Supp.1989)). *See* n. 10, *supra. See also, Smith v. Winter Park*, 504 So.2d 523; *Bartlett*, 239 Kan. 628, 722 P.2d 551.

ERISA qualified plans and IRAs under IRC § 408(a) also differ relative to the degree of control over the funds. With the former, the employee generally enjoys little or no control; with the latter, the individual's discretion is significant. Unlike ERISA qualified pension plans, an individual can generally revoke an IRA, control the mode of distribution, or make early withdrawals, albeit accompanied by a penalty. *See generally, Talbert*, 15 B.R. 536.

■ For the reasons enunciated herein, this court concludes that IRAs established under IRC § 408(a) are outside the preemptive scope of ERISA. Accordingly, Tenn. Code Ann. § 26–2–104(b) (Supp.1988), insofar as it relates to a "retirement plan" under IRC § 408(a), is not preempted by ERISA.[13] This opinion does not in any manner purport to address the preemptive effect of ERISA § 514(a) (29 U.S.C.A. § 1144(a) (West 1985)) within the context of any other "retirement plan" declared exempt from execution under the Tennessee statute, i.e., "retirement plan[s]" qualified under IRC §§ 401(a), 403(a), 403(b), or 408(b) or (c).

II

*Exemption of IRA as "Retirement Plan"*

■ The trustee further argues that the exemption provisions of Tenn.Code Ann. § 26–2–104(b) (Supp.1988) have application only to a "retirement plan"; that IRC § 408 addresses three types of IRAs—an "individual retirement account" (§ 408(a)), an "individual retirement annuity" (§ 408(b)), and "accounts established by employers and certain associations of employees" (§ 408(c)); that under provisions

---

**13.** This court's conclusion, that IRAs established under IRC § 408(a) are not part of title I of ERISA, has been reached by other federal courts. *See Board of Trustees of Cedar Rapids Pediatric Clinic, P.A., Pension Plan v. Continental Assurance Company*, 690 F.Supp. 792, 796 (U.S. D.C. W.D.Ark.1988) ("[s]ince ERISA covers only those employee benefit plans established or maintained by employers, employee organizations, or both, and since IRAs are established by individuals, plaintiff[s] … IRA is not covered by ERISA"); *In re Atallah*, 95 B.R. 910, 917 (Bankr.E.D.Pa.1989); *In re Dyke*, 99 B.R. 343 (Bankr.S.D.Tx.1989). These courts have reached their conclusions without discussing the reasoning behind their determinations and without commenting on whether the IRA in dispute was qualified under IRC § 408(a), (b), or (c). *But see contra Whalen v. National Metals*, 1987 W.L. 59573, 1987 U.S.Dist. LEXIS 11470 (U.S.D.C. N.D.Ala.1987) (IRA account is pension plan within the meaning of ERISA where the employer issued check to employee for deposit in IRA account).

of ERISA § 3(2) (29 U.S.C.A. § 1002(2) (West Supp.1989)), "the terms 'employee pension benefit plan' and 'pension plan' mean any plan, fund or program ... established or maintained by an employer or by an employee organization ..."; that only IRA accounts established by employers and certain associates of employees under IRC § 408(c) meet the ERISA plan definition; and that the IRA at issue is, therefore, not a "retirement plan" but is rather an individual savings account which is not exempt from execution under the Tennessee statute.

The trustee's argument is untenable. The court has determined that the labor law provisions of ERISA (*see* n. 11, *supra*) have no application to IRAs. Accordingly, the court need not consider the IRA in dispute within the definitional context of an "employee pension benefit plan" or "pension plan" as those terms are defined in ERISA. The term "retirement plan" as used in the Tennessee statute as it refers to IRC § 408(a) is not encumbered with definitions drawn from ERISA. The Tennessee Legislature determined that a "retirement plan" qualified under IRC § 408(a) is exempt from execution by creditors of the participant or beneficiary, excluding the State of Tennessee. The IRA claimed exempt by the debtor, Barbara Jean Martin, is qualified under IRC § 408(a) and, accordingly, qualifies by definition as a "retirement plan" under the Tennessee statute.

### III

#### Ambiguity in Statute

The court previously noted that references in Tenn.Code Ann. § 26–2–104(b) (Supp. 1988) to IRC §§ 401(a), 403(a), 403(b), "and" 408 are in the conjunctive rather than the disjunctive.[14] A literal reading of the Tennessee statute would permit an exemption only if the "retirement plan" was one which was qualified "under §§ 401(a), 403(a), 403(b), *and* 408" of the Internal Revenue Code. (emphasis added). IRC § 401(a) fixes requirements for qualifica-

tion of an employer's stock bonus, pension, or profit-sharing plan; IRC § 403(a) relates to the taxability of distributions to a beneficiary under a qualified annuity plan; IRC § 403(b) relates to the taxability of distributions to a beneficiary under an annuity purchased by a § 501(c)(3) organization or public school; and IRC § 408 deals with individual retirement accounts. Clearly, IRC §§ 401(a), 403(a), 403(b), and 408 address themselves to the tax qualification requirements for separate and distinct types of plans. To literally construe the Tennessee statute and require a "retirement plan" to be qualified under all four (4) of the designated IRC sections would lead to an absurdity and render the statute nugatory.

As this court is construing a Tennessee statute, it must adhere to rules of statutory construction followed by the courts of Tennessee. *See generally, Kane v. McDaniel*, 407 F.Supp. 1239 (W.D.Ky. 1975). The Tennessee Supreme Court has stated:

> The primary rule of statutory construction, more important and compelling than all others, is that the law be rendered intelligible and absurdities avoided. The ordinary meaning of words may be restricted or enlarged to avoid absurdity and effectuate the legislative intent.

*Roberts v. Cahill Forge & Foundry Co.*, 181 Tenn. 688, 184 S.W.2d 29, 31 (1944) (citations omitted). *See also State of Tennessee v. Leech*, 588 S.W.2d 534, 540 (Tenn. 1979) (citing with approval *Roberts v. Cahill Forge & Foundry Co.*); *Burns v. Duncan*, 23 Tenn.App. 374, 133 S.W.2d 1000 (1939) (court should not place upon a statute a construction which would work to the prejudice of the public interest); *First National Bank v. McCanless*, 186 Tenn. 1, 207 S.W.2d 1007 (1948) (a construction which impairs, frustrates or defeats the object of a statute should be avoided).

Neither the trustee nor the debtors suggest that the court should construe Tenn. Code Ann. § 26–2–104(b) (Supp.1988) other than in an intelligible manner. The obvious ambiguity in the statute nonetheless re-

---

**14.** *See* n. 2, *supra*.

.quires sua sponte consideration by the court.

Tenn.Code Ann. § 26–2–104(b) (Supp. 1988) will be construed in accordance with the obvious intention of the drafters—IRC §§ 401(a), 403(a), 403(b) and 408 will be deemed joined in the disjunctive rather than the conjunctive. Therefore, each section stands independent of the other.

## IV

### *Conclusion*

Tenn.Code Ann. § 26–2–104(b) (Supp. 1988) is not preempted by ERISA insofar as it permits a debtor to exempt from claims of creditors, other than the State of Tennessee, an IRA qualified under IRC § 408(a). Further, an IRA qualified under IRC § 408(a) is a "retirement plan" within the meaning of the Tennessee statute and can be claimed exempt as such.

The trustee's objection to the $4,000.00 IRA claimed exempt by the debtor Barbara Jean Martin will be denied. An appropriate order will be entered.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.