**In re Ronald C. FRANCISCO, Debtor.**

**Bankruptcy No. 95–10784–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Sept. 13, 1996.

Order Granting Reconsideration
Dec. 6, 1996.

Jeffrey W. Leasure, Fort Myers, FL, for Debtor.

Diane L. Jensen, Trustee, Fort Myers, FL.

Alan P. Woodruff, Seattle, WA, for Trustee.

**ORDER (1) GRANTING DEBTOR, RONALD C. FRANCISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (2) DENYING CHAPTER 7 TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration are two Motions for Partial Summary Judgment, one filed by Ronald C. Francisco (Debtor), the other by Diane Jensen (Trustee) in the above-captioned Chapter 7 case. The Debtor contends that his interest in his Individual Retirement Account (IRA) is not subject to administration by the Trustee because it is exempt.

The basic uncontested facts, as they appear from the record, are as follows. On October 18, 1995, the Debtor filed his Volun-

tary Petition for Relief under Chapter 7. In his Schedule C, the Debtor claimed as exempt his interest in his IRA. On December 13, 1995, the Trustee objected, contending that the Debtor is not entitled to the claimed exemption as a matter of law. Thereafter, both the Trustee and the Debtor filed Motions for Partial Summary Judgment which are presently before this Court.

It appears that the Debtor established an IRA account which was never part of a retirement plan established or maintained by an employer. The deposits of funds into the IRA account were all made by the Debtor himself. None of those funds were ever held in another retirement plan established by an employer.

The Trustee contends that the Objection must be sustained because: (1) Florida Statute § 222.21(2)(a) is preempted by ERISA; (2) an IRA is not a "plan" subject to § 222.21(2)(a); (3) Florida's legislative history does not reflect an intention that § 222.21(2)(a) apply to IRAs; and (4) "the State of Florida may not opt out and selectively opt back in with respect to its exemption scheme."

The Debtor does not contend that the funds in his IRA are exempt based on § 222.201 of the Florida Statutes (1995) which incorporates by reference § 522(d)(10). This leaves for consideration the two alternative theories advanced by the Trustee in support of the Objection (1) that the Statute is preempted by the federal legislation, and (2) that the Statute does not cover IRAs.

 Considering this last proposition first, it should be noted that in construing the reach and the scope of a Statute, the initial inquiry must begin with the consideration of the language of the Statute itself. As stated by the Supreme Court in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), if the language of the Section is clear and unambiguous, that should end the inquiry and the Court is required to apply the statute literally as it reads. It is true there is an exception to this rule, but it is limited to the rare cases when the literal application of the statute will produce results clearly at odds and contrary to the intention of the drafters.

*Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982); *Union Bank v. Wolas (In re ZZZZ Best Co.)*, 502 U.S. 151, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991).

 Florida Statute, Section 222.21(2) (1995) provides in relevant part as follows:

> "any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in a retirement or profit-sharing plan that is qualified under § 401(a), § 403(a), § 403(b), § 408 or § 409 of the Internal Revenue Code, as amended, is exempt from the claims of creditors of the participant or beneficiary."

There is no question that the Statute is silent and does not make any specific reference to an IRA account. Once one analyzes the true nature of an IRA, the conclusion is inescapable that the legislature intended to include IRAs in the exemptions provided for by this Statute.

Although Florida does not have a legislative history in the orthodox sense, the *Senate Staff Analysis And Economic Impact Statement* (Analysis) of the legislation is available. In this instance, the Analysis filed on April 14, 1987, describing the proposed changes, clearly indicates that what is covered by the legislation includes:

> "... pension plans created by the employer for the benefit of the employee, with the contributions to the plan made by the employer; annuities purchased by the employer for the benefit of the employee; *individual retirement accounts;* and retirement bonds." (emphasis supplied)

The issue under consideration in the case of *In re Martin*, 102 B.R. 639 (Bankr. E.D.Tenn.1989), is strikingly similar to the issue involved in the present instance. In *Martin* the Bankruptcy Court construed Tenn.Code Ann. § 26–2–104 (Supp.1988) which also exempted IRA accounts. The relevant part of the Statute is in Subclause (b) in which the language used is almost verbatim the language used by the Florida Statute under consideration. In *Martin* the claim of exemption of an IRA account was

challenged on the identical grounds, e.g., that the ERISA legislation preempted the Statute and that the IRA account was not within the exemption provided by the Statute. The Bankruptcy Court concluded that the fact that the Statute made reference to other definitions used by ERISA was of no consequence and did not mean that the Statute under consideration was merely an attempt to copy the provisions of ERISA or an attempt by the Tennessee Legislature to legislate in the area which is preempted by ERISA. Considering the second, the Court also concluded that the IRA was deemed to be a "retirement account" and qualified as such under § 408 of the Internal Revenue Code, therefore, it was exempt under the Statute.

For this reason, this Court is satisfied that the plain language of § 222.21(a)(2), Florida Statutes, provides that Section 408 of the Internal Revenue Code, in its entirety, could be used as the basis for the Debtor's claim of exemption.

This leaves for consideration the alternative theory advanced by the Trustee which is based on the doctrine of preemption. Even a cursory reading of this Section leaves no doubt that the IRA under consideration was not a retirement or a profit sharing plan, subject to or governed by ERISA. This is so because the provisions of ERISA are limited to employee benefit plans established or maintained:

(1) by an employer engaged in commerce or in any industry or activity affecting commerce; or

(2) by an employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or

(3) by both.

There is nothing in the Congressional Record or in the language of the legislation dealing with ERISA, to indicate that ERISA was designed to include IRAs within the definition of "employee benefit program or a plan." The fact of the matter is that § 201(6), (29 U.S.C.A. § 1051(6) (West 1985), expressly excludes IRAs from coverage under ERISA. *See also,* ERISA § 301(a)(7) (29 U.S.C.A. § 1081(a)(7) (West 1985)); § 401(a) (29 U.S.C.A. § 1101(a) (West 1985)); § 4021(a) and (b) (29 U.S.C.A. § 1321(a) and (b) (West 1985)). This being the case, it cannot be gainsaid that the concept of preemption does not even come into play because the IRA is not governed by ERISA legislation and is not even related to ERISA.

Clearly the Statute which authorized the establishment of the IRA accounts, while it makes a reference to ERISA legislation, does not contain any of the specific requirements necessary before a Plan is an ERISA qualified Plan; namely, (1) an anti-alienation provision; (2) a requirement of employer funding of the Plan in part; (3) provisions concerning participants or beneficiaries of the Plan other than the founder and the "sponsor" of the Plan; and (4) meaningful restrictions on access to the funds other than a penalty for early withdrawal. In the last analysis, an IRA account is nothing more or less than a tax savings device authorized by Congress which allows a taxpayer during the high earning years to exempt from taxes the sum of $2,000.00 per year and defer paying taxes on the funds deposited in an IRA account until the age of 70, at which time the income bracket is conceivably lower. Moreover, the owner of the account has the unrestricted right to withdraw the funds on deposit and only suffers a penalty for early withdrawal. In sum, an IRA account does not have the indispensable characteristics of an ERISA qualified Plan, thus the Florida Statute which exempts IRAs is unaffected and not preempted by ERISA, *cf., Mackey v. Lanier Collection Agency and Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), *In re Schlein,* 8 F.3d 745, 754 (11th Cir.1993); *see also In re Ewell,* 104 B.R. 458 (Bankr.M.D.Fla.1989).

Therefore, partial summary judgment should be granted in favor of the Debtor and the Trustee's Motion for Partial Summary Judgment should be denied and the Trustee's Objection should be overruled.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Partial Summary Judgment is granted and the Trustee's Objection to the Debtor's Claim of

Exemption of the Individual Retirement Account be, and the same is, hereby overruled.

It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Partial Summary Judgment be, and the same is, hereby overruled.

DONE AND ORDERED.

## ORDER ON MOTION FOR RECONSIDERATION

This is a Chapter 7 liquidation case and the matter under consideration is a Motion For Reconsideration, filed by Diane Jensen (Trustee). The Motion seeks a reconsideration of a previous Order of this Court entered on September 13, 1996. The Order granted a partial Summary Judgment in favor of Ronald C. Francisco (Debtor) and denied the Trustee's Motion For Partial Summary Judgment, specifically, this Court overruled the Trustee's objection to the Debtor's claim of exemption and ruled that the Debtor's Individual Retirement Account (IRA) was properly claimed as exempt and was not subject to administration.

In her Motion, the Trustee contends that this Court: (1) failed to consider the Legislative history construing Fla.Stat. § 222.21(2)(a) and (2) erred in finding that Fla.Stat. § 222.21(2)(a) is not preempted by ERISA.

In support of the first contention, the Trustee points out that while the Legislative History of the Statute did, without doubt, include a reference to IRAs as part of the exemption provided for by the Statute, the final version deleted any reference to IRAs. According to the Trustee, when the Legislature includes language in an earlier version of a Bill but deletes it prior to enactment, it may be presumed that the deletion was intentional, citing as support *Russello v. U.S.,* 464 U.S. 16, 23–24, 104 S.Ct. 296, 300–01, 78 L.Ed.2d 17 (1983). In addition, the Trustee contends that the Legislature intended that the exemption should cover only employer sponsored plans and not self-settled IRAs, thus, this was the reason for deleting any reference to IRAs in the final version ultimately adopted. In support of this proposition, the Trustee cites the Legislative history of § 222.21(2)(a) which expressly provides that:

"These retirement plans (identified by reference to the Internal Revenue Code) include pension plans created *by the employer* for the benefit of the employee; *with contribution to the plans made by the employer* ..." (emphasis added). Senate Staff Analysis And Economic Impact Statement S.B. 433, Florida State Archives Series 18, Carton 1627.

In support of the second proposition, which involves the contention that ERISA preempts Fla.Stat. § 222.21(2)(a), the Trustee relies on the case of *In re Schlein,* 8 F.3d 745, 750 (11th Cir.1993). According to the Trustee, the Eleventh Circuit in *Schlein* considered the exempt status of an interest in a Simplified Employee Pension–Individual Retirement Account (SEP–IRA), and concluded that Fla.Stat. § 222.21(2)(a) was preempted by ERISA. According to the Trustee, this Court erred by relying on *In re Martin,* 102 B.R. 639 (Bankr.E.D.Tenn.1989). In *Martin* the claim of exemption of an IRA account was challenged on the identical grounds, e.g., that ERISA preempted the exemption statute of Tennessee and that the IRA account was not covered by the exemption statute, Tenn.Code Ann. § 26–2–104 (Supp.1988), which is strikingly similar to the Florida Statute involved.

Considering first the proposition that the final version of the Statute proves that the Legislature intentionally deleted any reference to IRA and therefore IRAs cannot be exempted under the Statute, this Court finds the argument unpersuasive. As stated in the Order under consideration, this Court held that the plain language of Fla.Stat. § 222.21(2)(a) clearly provides that § 408 of the Internal Revenue Code could be used, in its entirety, as a basis for the claim of exemption under the Statute.

This leaves for consideration the preemption argument advanced by the Trustee, specifically, the controlling force of *Schlein.* If *Schlein* supports the pre-emption contention of the Trustee, it follows that this Court's reliance on *Martin* would not be proper.

The claim of exemption in *Schlein* was also asserted by that Debtor pursuant to Fla.Stat. § 222.21(2)(a) which involved an IRA account set up pursuant to 26 U.S.C. § 408(a) and another account, a Simplified Employee Pension Plan (SEP) set up pursuant to 26 U.S.C. § 408(k). The Bankruptcy Court concluded that (1) the Debtor's IRA/SEP accounts were employee benefit plans as defined by ERISA; (2) ERISA preempts "any and all state laws insofar as they relate to any employee benefit plan;" (3) Fla.Stat. § 222.21(2)(a) directly relates to an employee benefit plan covered by ERISA; and (4) ERISA preempts Fla. Stat. § 222.21(2)(a). *In re Schlein,* 114 B.R. 780, 782–83 (Bankr.M.D.Fla.1990). The District Court affirmed the Bankruptcy Court's finding that the "existence of a pension plan is a critical factor in establishing a Debtor's right to exemption under § 222.21(2)(a)," *In re Schlein,* 8 F.3d at 754 and held that the Section was preempted by ERISA.

The Eleventh Circuit, in its reversal of the Bankruptcy and the District Court, noted that three other Circuits followed the teachings of *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Fifth and Eighth Circuits held that § 514(d) of ERISA saved state law from preemption. *See In re Dyke,* 943 F.2d 1435 (5th Cir.1991); *In re Vickers,* 954 F.2d 1426 (8th Cir.1992), *cert. dismissed,* 505 U.S. 1235, 113 S.Ct. 4, 120 L.Ed.2d 933 (1992). The Ninth Circuit, after having withdrawn its original opinion, held the same in *Pitrat v. Garlikov,* 992 F.2d 224 (9th Cir.1993). The Eleventh Circuit agreed with the conclusion of the Fifth Circuit in *Dyke,* supra, based on the following analysis. Because Congress invited the States to participate in determining what "fresh start" should be accorded to the Debtor, which is the overriding policy of the Bankruptcy Code, to apply ERISA preemption to every pension-related state exemption would substantially impair the ability of the Bankruptcy Code to ensure the envisioned "fresh start." *Schlein,* 8 F.3d at 752. As stated by the Fifth Circuit in *Dyke,* interpreting ERISA to preempt state exemption schemes would result in States being unable to set enforceable levels on retirement benefits. *Id. citing Dyke,* 943 F.2d at 1449. As a consequence, the enforcement scheme contemplated by the Bankruptcy Code would be modified and impaired. The Eleventh Circuit Court expressly rejected the District Court's view that state law exemptions are not necessary to the enforcement of the Bankruptcy Code, and held that the standard applied by the District Court was inconsistent with the plain language of the ERISA saving clause, 29 U.S.C. § 1144(d). According to the Eleventh Circuit, the ERISA saving clause applies whenever preemption would alter and modify any federal law and, if the preemption would be applied to the Statute involved, it would alter amend and modify the provision of the Bankruptcy Court permitting States to set exemptions. Accordingly, the Court concluded that Fla.Stat. § 222.21(2)(a) is not preempted by ERISA.

Thus, it is evident, from the foregoing, that the Trustee's reliance on *Schlein* furnished no support at all for the Trustee's contention that the Debtor, in this case, is not entitled to claim his IRA accounts exempt under Fla.Stat. § 222.21(2)(a). Therefore, this Court's original determination that the Trustee's objection to the Debtor's claim of exemption was not supported by the applicable law stands correct.

One further comment, the Trustee originally argued that Florida's attempt to opt-back to the federal exemptions, specifically adopting § 522(d)(10)(E), was unconstitutional, and was without any supportive authorities. This Court rejected the contention of the Trustee for the obvious reason that the claim of exemption in this case was not asserted pursuant to § 522(d)(10)(E) but pursuant to § 222.21(2)(a). Therefore, this case does not involve Florida's attempt to authorize its citizens to claim exemptions pursuant to § 522(d)(10)(E) but rather to a claim asserted pursuant to § 222.21(2)(a).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion For Rehearing, filed by the Trustee be and the same is hereby granted.

It is further

ORDERED, ADJUDGED AND DE-CREED that upon rehearing this Court reaffirms its initial determination that Ronald C. Francisco is entitled to claim as exempt the funds maintained by him in the IRA Accounts.

DONE AND ORDERED.